IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW C. BICKEL,<br>        Plaintiff | )<br>)   C.A. No. 10-274 Erie<br>) |
| v. | )<br>)   Magistrate Judge Baxter |
| ERNEST J. DISANTIS, et al.,<br>        Defendants. | )<br>) |

## OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

### I. INTRODUCTION

#### A. Relevant Procedural History

On November 18, 2010, Plaintiff Andrew C. Bickel, an inmate incarcerated at the State Correctional Institution at Graterford, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against: the Honorable Ernest J. DiSantis, of the Erie County Court of Common Pleas ("Judge DiSantis"); Eleanor R. Valecko, Deputy Prothonotary of the Pennsylvania Superior Court ("Valecko"); and Robert J. Catalde, Deputy Clerk of Courts of Erie County, Pennsylvania ("Catalde"). Plaintiff has specified that all Defendants have been sued in their individual capacities only. (See ECF No. 3, Complaint, at p. 2; ECF No. 26, Plaintiff's Brief, at p. 6).

Plaintiff alleges that Defendants violated his rights under the first, fifth, sixth, ninth, and fourteenth amendments to the United States Constitution, as well as his rights under the Pennsylvania Constitution, Article 1, Sections 9, 11, 14, and 20. In addition, Plaintiff claims that

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge. [ECF Nos. 5, 18, 19].

Defendants conspired to commit fraud and to violate his Fourteenth Amendment due process rights.

On February 18, 2011, Defendants Judge DiSantis and Valecko filed a motion to dismiss [ECF No. 12], arguing, *inter alia*, that (i) Plaintiff's claims against Judge DiSantis are barred by the doctrine of absolute judicial immunity; (ii) Defendant Valecko is entitled to absolute immunity from Plaintiff's claims against her; and (iii) Plaintiff has failed to state a conspiracy claim upon which relief may be granted.[2] Defendant Catalde filed his own motion to dismiss on March 18, 2011 [ECF No. 21], arguing, *inter alia*, that he is immune from Plaintiff's claim under the doctrine of quasi-judicial immunity. Plaintiff has since filed a brief in response to both motions. [ECF No. 26]. This matter is now ripe for consideration.

### B.     Relevant Factual History

Plaintiff alleges that he filed a petition for writ of *habeas corpus* in the Erie County Court of Common Pleas, which was construed and dismissed by Defendant Judge DiSantis as a time-barred PCRA petition by Order dated August 2, 2010. (ECF No. 3, Complaint, at ¶¶ 1, 2). Plaintiff alleges that he then filed an appeal of Judge DiSantis's Order with the Pennsylvania Superior Court on August 24, 2010, which was denied by the Superior Court on October 4, 2010. (Id. at ¶¶ 3, 4, 7). Plaintiff alleges that the Superior Court vacated his appeal based upon a non-existent August 30, 2010 Court Order. (Id. at ¶ 7).

However, the Superior Court docket entries reveal that Plaintiff filed an "Application for Writ of Error" challenging Judge DiSantis's Order, which was received by the Superior Court on August 30, 2010, and docketed at Superior Court docket no. 63 WDM 2010. (ECF No. 4,

---

[2] Defendants has also moved to dismiss claims against them in their official capacities based upon Eleventh Amendment immunity; however, Plaintiff has made clear that he is suing Defendants in their individual capacities only.

Plaintiff's Affidavit, at p. 18). Pursuant to a Superior Court Order entered on September 16, 2010, Defendant Valecko returned Plaintiff's "Application for Writ of Error" to the Erie County Prothonotary to be processed as "an August 30, 2010 Notice of Appeal taken from Judge DiSantis's August 2, 2010 Order." (ECF No. 13-1, p. 3). On September 22, 2010, Defendant Catalde wrote a letter to Defendant Valecko stating that Plaintiff had already filed a Notice of Appeal from Judge DiSantis's Order of August 2, 2010, which was docketed at Superior Court docket no. 1322 WDA 2010. (ECF No. 4, Plaintiff's Affidavit, at p. 19). Upon review of Defendant Catalde's letter of September 22, 2010, the Superior Court entered an Order on October 4, 2010, vacating its prior Order of September 16, 2010, and denying Plaintiff's August 30, 2010 "application for writ of error," "without prejudice to [Plaintiff's] right to raise all legally cognizable issues in appellant's brief to be filed at appeal docket No. 1322 WDA 2010." (ECF No. 13-1 at p. 3; ECF No. 4, Plaintiff's Affidavit, at p. 25).

### C.  Standards of Review
#### 1.  Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp.,

394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the *Twombly/Iqbal/Phillips* line of cases, as follows:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than

>the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D. Discussion

Plaintiff claims that Defendants "failed to make decisions when they were needed and/or failed to impliment [sic] decisions when they are made and did not fully and faithfully perform

the duties pursuant to their oath of said offices." (ECF No. 3, Complaint, at ¶ 13). Plaintiff claims further that Defendants "acted in collusion and conspired to commit fraud" and to deprive him of his Fourteenth Amendment due process rights. As relief for his claims, Plaintiff is seeking declaratory and injunctive relief and monetary damages.

### 1. Defendant Judge DiSantis

Defendant Judge DiSantis argues that Plaintiff's claims against him are barred by the doctrine of absolute judicial immunity. The Court agrees.

It is generally accepted that judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356.

Furthermore, in 1996, Congress enacted the Federal Courts Improvement Act ("FCIA"), Pub.L.No. 104-317, 110 Stat. 3847 (1996), in which it amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." The clear purpose of the FCIA was to protect judges from injunctive suits challenging actions taken in their adjudicatory capacities.[3]

---

[3]

In recommending enactment of the FCIA's amendment of Section 1983, the Senate Judiciary Committee found the following:
> This section restores the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in Pulliam v. Allen, 466 U.S. 522 (1984) ...
> In Pulliam, the Supreme Court broke with 400 years of common-law tradition and weakened judicial immunity protections. The case concerned a State magistrate who jailed an individual for failing to post bond for an offense which could be punished only by a fine and not incarceration. The Defendant filed an action under 42 U.S.C. 1983, obtaining both an injunction against the magistrate's practice of requiring bonds for non-incarcerable offenses, and an award

Thus, judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. In this case, the challenged actions or inactions of Defendant Judge DiSantis were clearly taken in his judicial capacity and were within his respective jurisdiction. In addition, there is no claim or evidence that any declaratory decree was violated or that declaratory relief is unavailable in this case. Moreover, to the extent Plaintiff requests declaratory relief, such a claim is also barred by judicial immunity, as this is "no more than an implicit predicate to [his] request for damages." Hansen v. Ahlgrimm, 520 F.2d 768, 770 (7th Cir. 1975); Isely v. Bucks County, 549 F.Supp. 160, 166 (E.D.Pa. 1982). Accordingly, Plaintiff's claims against Defendant Judge DiSantis are barred by the doctrine of absolute judicial immunity and will be dismissed.

### 2. Defendant Valecko

Defendant Valecko argues that she is immune from Plaintiff's claims because her actions were taken pursuant to orders issued by the Superior Court. The Third Circuit has held that an action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits. Hamilton v. Leavy, 322 F.3d 776, 782-783 (3d Cir. 2003). See also Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir. 1969)(holding that a prothonotary cannot be held liable for failing to file an inmate's appeal at the direction of the court). Here, the Superior Court docket

---

of costs, including attorney's fees. The Supreme Court affirmed, expressly holding that judicial immunity is not a bar to injunctive relief in section 1983 actions against a State judge acting in a judicial capacity, or to the award of attorney's fees under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. 1988. Those statutes are now amended to preclude awards of cost and attorney's fees against judges for acts taken in their judicial capacity, and to bar injunctive relief unless declaratory relief is inadequate.

S. REP. No. 104-366, at 36-7 (1996), reprinted in 1996 U.S.C.C.A.N. 4202, 4216-17.

plainly discloses that Defendant Valecko was directed by Orders of the Superior Court to take the actions being challenged by Plaintiff. (ECF No. 13-1 at p. 4). As a result, Defendant Valecko's actions are entitled to absolute immunity, and Plaintiff's claims against her will be dismissed accordingly.

### 3. Defendant Catalde

Defendant Catalde contends that he is entitled to quasi-judicial and/or absolute immunity from Plaintiff's claims against him because he was performing his official duties as Deputy Clerk at all times material to this case. The Court agrees.

Quasi-judicial and/or absolute immunity are available to those individuals, such as Defendant Catalde, who perform functions closely associated with the judicial process. Henig v. Odorioso, 385 F.2d 491, 494 (3d Cir. 1967, cert. denied, 390 U.S. 1016 (1968)(holding that judiciary employees executing judicial orders are immune from suits for money damages); Rodriguez v. Weprin, 116 F.3d 62, 66 (2nd Cir. 1997)(inmate's section 1983 claims against court clerks for refusing inmate's request for records on direct appeal and for alleged delay in scheduling appeal were related to judicial functions and, thus, clerks were entitled to absolute judicial immunity from claims) Dieu v. Norton, 411 F.2d 761 (7th Cir. 1969)(holding that court reporter and court clerk who refused to give plaintiff transcript of record were acting in discharge of their official duties and were, thus, protected by judicial immunity); Stewart v. Minnick, 409 F.2d 826 (9th Cir. 1969)(holding that court reporter's and court clerk's refusal to furnish plaintiff with a portion of state criminal trial transcript were acts performed in their capacities as quasi-judicial officers, which clothed them with judicial immunity); Clay v. Yates, 809 F.Supp. 417, 423 (E.D.Va. 1992), affirmed, 36 F.3d 1091 (assistant deputy clerk of court was entitled to derivative absolute judicial immunity for performing or refusing to perform ministerial act of responding to requests for information sought by inmate).

Whether an act is judicial in character and, thus, subject to absolute immunity, does not depend on whether it is discretionary; rather, immunity applies to all acts of auxiliary court personnel that are basic and integral parts of the judicial process. Sindram v. Suda, 986 F.2d 1456, 1461 (D.C.Cir. 1993). In this case, it is beyond dispute that Defendant Catalde's alleged actions were performed as basic and integral parts of the judicial process. Thus, Defendant Catalde is entitled to quasi-judicial and/or absolute immunity from Plaintiff's claims against him and such claims will be dismissed.

### 4. Conspiracy Claims Pursuant to 42 U.S.C. §§ 1985 and 1986

In order to state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) motivated by racial or class based discriminatory animus designed to deprive, directly or indirectly, any persons or class of persons ... [of] the equal protection of the law; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." Ridgewood Bd. of Education v. N.E., 172 F.3d 238, 253-54 (3d Cir. 1999), quoting Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

Here, Plaintiff has failed to make any allegation that Defendants' alleged "conspiracy" was motivated by racial or class based animus sufficient to maintain a conspiracy claim under § 1985. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)(42 U.S.C. § 1985(3) prohibits conspiracies predicated upon "racial, or perhaps otherwise class-based, invidiously discriminatory animus"). Thus, Plaintiff's conspiracy claim against Defendants will be dismissed. In addition, because a § 1985 claim is a prerequisite for an action under 42 U.S.C. § 1986, Plaintiff's Section 1986 claim will also be dismissed.

An appropriate Order will follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW C. BICKEL, | ) | |
| Plaintiff | ) | C.A. No. 10-274 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| ERNEST J. DISANTIS, et al., | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 27th day of September, 2011,

IT IS HEREBY ORDERED that the Motions to Dismiss filed by Defendants Judge DiSantis and Valecko [ECF No. 12] and Defendant Catalde [ECF No. 21], are GRANTED, and this case is DISMISSED.

The Clerk is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge